**ORDERED ACCORDINGLY.**

Dated: December 14, 2010

_____
**GEORGE B. NIELSEN, JR**
**U.S. Bankruptcy Judge**

---

**TIFFANY & BOSCO** P.A.
2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192
Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-17148

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

IN RE:

Jane N. Chang

    Debtor.
_____
Green Tree Servicing, LLC

    Movant,
vs.

Jane N. Chang, Debtor;

    Respondent.

No. 2:10-bk-18464-GBN

Chapter 11

(Related to Docket #18)

**ORDER REGARDING ADEQUATE PROTECTION**

IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned, that the Debtor pay Adequate Protection Payments in the amount of $1,200.00 a month plus any applicable taxes and insurance commencing on December 1, 2010. The funds are intended to serve as adequate protection for Debtor's lien obligation to Movant secured by the real property described as:

1

LOT 47, HOFFMAN PROPERTY, ACCORDING TO BOOK 448 OF MAPS, PAGE 1, RECORDS OF MARICOPA COUNTY, ARIZONA. EXCEPT ALL GAS, OIL, METALS AND MINERAL RIGHTS RESERVED IN PATENT FROM UNITED STATES OF AMERICA.

IT IS FURTHER ORDERED that the debtor will make all Adequate Protection payments directly to the office of Tiffany & Bosco, P.A. no later than the first of every month starting with December 1, 2010.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtor shall tender the default payment, as set forth above, in the form of a cashier's check or money order, made payable to Movant. If the defaulted payments are not received by Movant within ten days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan. Upon failure to cure the default within the ten days Relief shall be granted.

IT IS FURTHER ORDERED that this Order is for adequate protection payments only. The parties hereto reserve all rights and defenses including proof as to being the current lien holder on the real property described herein. Additionally, the parties acknowledge that the adequate protection payments provided herein shall be applied pursuant to further Order from the Court.

IT IS FURTHER ORDERED that the hearing set on December 16, 2010 at 1:30 p.m. is vacated.